```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

JOHNNY CORONA and                §
FRANCISCA CORONA,                §
                                 §
          Plaintiffs,            §
                                 §
v.                               §     CIVIL ACTION NO. H-10-1651
                                 §
NATIONWIDE PROPERTY AND          §
CASUALTY INSURANCE COMPANY       §
and BRYCE ANDREW RUTLEDGE,       §
                                 §
          Defendants.            §

## ORDER

Pending is Defendant Nationwide Property & Casualty Insurance Company's ("Nationwide") Verified Plea in Abatement (Document No. 5). Plaintiffs Johnny and Francisca Corona ("Plaintiffs") allege violations of the Texas Insurance Code against Nationwide and Defendant Bryce Andrew Rutledge (together, "Defendants").[1] Section 541.154(a) of the Insurance Code states that "[a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). Nationwide timely filed its Verified Plea in Abatement alleging that Plaintiff did not provide proper notice under § 541.154. *See* TEX. INS. CODE § 541.155(a); Boone v. Safeco

---

[1] Document No. 1, ex. 4.

Ins. Co. of Indiana, No. H-09-1613, 2009 WL 3063320, at *2 (S.D. Tex. Sept. 22, 2009) (Rosenthal, J.) (citing Hines v. Hash, 843 S.W.2d 464, 469 (Tex. 1992)).[2]

Plaintiffs filed this suit on April 6, 2010.[3] They sent their "presuit" notice letter to Defendants on the *same day*.[4] The Texas Insurance Code requires plaintiffs to serve the defendant with notice "not later than the 61st day *before* the date the action is filed." TEX. INS. CODE § 541.154(a) (emphasis added). Plaintiffs nonetheless contend that, because more than sixty days have passed since their notice to Nationwide, Nationwide's request for a stay is moot.[5]

Plaintiffs' argument fails because their notice letter was deficient in substance. In Lemaster v. Nationwide Property & Casualty Insurance Co., this Court previously rejected as insufficient notice a nearly identical form letter that was also

---

[2] Section 541.155(a) of the Insurance Code states that a party to a pending action who does not receive proper presuit notice "may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending." TEX. INS. CODE § 541.155(a). Nationwide filed its Original Answer to Plaintiff's Original Petition on May 6, 2010, and filed its Verified Plea on June 7, 2010. *See* Document No. 5. June 7 was the first business day following the 30-day deadline, which fell on Saturday, June 5, 2010. *See* FED. R. CIV. P. 6(a)(1)(C).

[3] Document No. 1, ex. 4.

[4] Document No. 5, ex. A.

[5] Document No. 6 at 2.

2

sent on the day that the plaintiffs filed suit.[6]  There, the Court followed the persuasive reasoning of Judges Lake and Rosenthal, who found nearly identical form letters factually deficient.[7]

The letter in this case briefly asserts damages to Plaintiffs' home caused by Hurricane Ike, followed by allegations that Nationwide committed seven alleged violations of the Texas Insurance Code.  The following passage, which precedes the recitation of Texas Insurance Code provisions, is the only addition over the form letter this Court rejected in Lemaster:

> Brice Andrew Rutledge adjusted the claim.  Specifically, Mr. Rutledge appeared uninterested in helping Mr. and Mrs. Corona assess their damage or resolve their claim. Moreover, Mr. Rutledge's report failed to include all of Mr. and Mrs. Corona's Hurricane Ike related damages.  As a result, Mr. and Mrs. Corona were significantly underpaid on their claim.[8]

This highly subjective, conclusory allegation does not furnish the *factual* detail that meets the Texas Insurance Code's requirement of

---

[6] *See* Document No. 22 (Order Dated June 10, 2010), Lemaster v. Nationwide Prop. & Cas. Ins. Co., No. H-10-323 (S.D. Tex. filed November 24, 2009) (Werlein, J.).

[7] *See* Nichols v. Nationwide Prop. & Cas. Insurance. Co., No. H-10-0824, 2010 WL 1576694, at *2 (S.D. Tex. April. 20, 2010) (Rosenthal, J.); Boone, 2009 WL 3063320, at *3; Document No. 12 (Order Dated May 28, 2010), Ortega v. Nationwide Prop. & Cas. Insurance. Co., No. H-10-995 (S.D. Tex. filed Feb. 26, 2010) (Lake, J.); Document No. 14 (Order Dated May 20, 2010), Marshall v. Nationwide Prop. & Cas. Insurance. Co., No. H-10-722 (S.D. Tex. filed Jan. 11, 2010) (Lake, J.).

[8] Document No. 5, ex. A at 2.

a "specific complaint." *See* TEX. INS. CODE § 541.154(b)(1); *cf.* Nichols, 2010 WL 1576694, at *2 ("The . . . notice letter to Nationwide contains no factual information about the cause of action."); Document No. 12 at 2-3, Ortega, No. H-10-995 ("[T]he plaintiffs' . . . letter does not provide Nationwide any specific information supporting the plaintiffs' causes of action under the Texas Insurance Code.").

It is fair to say that, by "specific complaint," the Texas Insurance Code requires that Plaintiffs should set forth "*specific* factual allegations *supporting the causes of action*." Boone, 2009 WL 3063320, at *3 (citations omitted) (emphases added). The purpose of the notice provision is to facilitate settlement. Nichols, 2010 WL 1576694, at *2 (citing Hines v. Hash, 843 S.W.2d 464, 469 (Tex. 1992)). Unless the insurer is advised with reasonable specificity of what the shortcoming has been in the claims process, it is unable reasonably to assess the value of a plaintiff's claim, and thereby make a meaningful offer of settlement. *See* Richardson v. Foster & Sear, L.L.P. 257 S.W.3d 782, 786 (Tex. App.--Fort Worth 2008, no pet.) (noting that the notice requirement sets a "fairly low threshold," but nonetheless finding a letter provided adequate notice when it was "sufficiently specific to allow [the defendant] to determine whether to settle with [the plaintiff] or undertake the cost and risk of litigation"). This opportunity to settle further permits the

insurer to limit its damage exposure as contemplated by sections 541.156-.159 of the Insurance Code. Id. (citing In Re Behr, No. 04-05-00895-CV, 2006 WL 468001, at *3 (Tex. App.--San Antonio Mar. 1, 2006, orig. proceeding)).

Therefore, Nationwide's Verified Plea in Abatement is GRANTED and this case is STAYED until 60 days after Plaintiffs provide Nationwide with proper written notice under the Insurance Code. To lift the stay, Plaintiffs must file proof that proper notice was served upon Nationwide.

SO ORDERED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 29th day of June, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE